UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY R. KOSS,            )
                            )
        Petitioner,         )    Case No. 1:06-cv-134
                            )
v.                          )    Honorable Robert Holmes Bell
                            )
PATRICIA CARUSO,            )
                            )
        Respondent.         )
_____)

**ORDER OF TRANSFER**
**TO SIXTH CIRCUIT COURT OF APPEALS**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is confined at the Lakeland Correctional Facility. Following a bench trial in Kalamazoo County Circuit Court in 1976, Petitioner was convicted of two counts of kidnaping and two counts of first-degree criminal sexual conduct. He was sentenced to four concurrent terms of life imprisonment.

Petitioner previously filed two habeas actions challenging his 1976 convictions. On February 8, 1990, Petitioner filed his first habeas corpus petition, which was later dismissed for lack of exhaustion. *See Koss v. Borgert,* No. 1:90-cv-122 (W.D. Mich.) (Report & Recommendation Oct. 29, 1991; J. Nov. 13, 1991). Petitioner filed a second habeas corpus petition on October 6, 1995, raising three grounds for habeas relief. On June 14, 1996, the Magistrate Judge issued a report and recommendation to dismiss the petition as meritless. After the district court adopted the Magistrate Judge's report and recommendation without objection, Petitioner filed a motion to reconsider,

including objections to the Magistrate Judge's report and recommendation. The district court granted the motion and considered Petitioner's objections. Nevertheless, the district court adopted the Magistrate Judge's report and recommendation and dismissed the petition on December 5, 1996. *See Koss v. State of Michigan,* No. 1:95-cv-691 (W.D. Mich.) (Report & Recommendation June 14, 1996; Opinion & J. Dec. 5, 1996). The Sixth Circuit affirmed the decision on March 16, 1998. *See Koss v. State of Michigan,* No. 97-1079, 1998 WL 136263 (6th Cir. Mar. 16, 1998).

Petitioner filed the instant petition on February 24, 2006, raising the following three grounds for habeas relief: (1) the application of the Michigan Parole Board's "life means life" policy to Petitioner's sentence violates his rights under the Ex Post Facto Clause, Due Process Clause and Equal Protection Clause, because his punishment has effectively been increased; (2) the incorporation of three psychological evaluations to Petitioner's pre-sentence investigation report violated Petitioner's rights under the Due Process Clause; and (3) Petitioner was denied his right to effective assistance of appellate counsel when counsel failed to raise Petitioner's pre-sentence investigation report issue on appeal. Petitioner's second and third grounds for habeas relief clearly challenge his 1976 convictions.

A threshold question is whether the instant petition is "second or successive" within the meaning of 28 U.S.C. § 2244. A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McClesky v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions). A

previous dismissal on the merits has a preclusive effect under § 2244, and moreover, certain types of decisions reached before a merits determination also have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). A dismissal based on procedural default is "on the merits" and thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). However, a habeas petition which is filed after an initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a "second or successive" petition. *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Because Petitioner's October 6, 1995 habeas petition was dismissed on the merits, his instant petition is second or successive.

Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard). The instant petition was mistakenly filed in the district court. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Therefore,

IT IS ORDERED that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

Date:     March 14, 2006            /s/ Robert Holmes Bell
                                                         ROBERT HOLMES BELL
                                                        CHIEF UNITED STATES DISTRICT JUDGE